UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JUDITH SCOTT

v.  C.A. No. 04-344T

JO ANNE B. BARNHART,
Commissioner of Social Security

FILED
MAY 1 3 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

## REPORT AND RECOMMENDATION

This matter is before the Court on the request of Plaintiff Judith Scott ("Plaintiff") for judicial review of the decision of the Commissioner of Social Security ("the Commissioner"), denying Plaintiff's application for Supplemental Security Income ("SSI") and Social Security Disability Insurance ("SSDI") benefits, under Title XVI of the Social Security Act ("the Act"). Defendant Jo Anne B. Barnhart ("Defendant") has filed a Motion under sentence four of 42 U.S.C. § 405(g) for remand of the matter to the Commissioner.

The Motion has been referred to this Magistrate Judge for preliminary review, findings, and recommended disposition. See 28 U.S.C. § 636(b)(1)(B); D.R.I. Local R. 32(c). For the reasons explained herein, I recommend that Defendant's Motion be GRANTED and the matter remanded to the Commissioner for further administrative proceedings.

### Facts and Travel

Plaintiff is a forty-four year old woman. Compl. ¶ 10. The Complaint alleges disability as a result of depression, post-traumatic stress disorder and borderline level of intellect. See id. ¶ 9.

Plaintiff filed an application for SSI and SSDI, which was denied initially and on reconsideration. See id. ¶ 4. Plaintiff then filed a timely request for a hearing before an

administrative law judge ("ALJ"), which was subsequently held in Bakersfield, California. See id. ¶ 4, 5; Tr. at 21. Plaintiff was present for the hearing. See id. ¶ 5. On February 12, 2003, the ALJ issued an unfavorable decision, which Plaintiff appealed to the Appeals Council. See id. ¶ 7; Tr. at 18. According to Plaintiff's Complaint, the Appeals Council on June 16, 2004, sent Plaintiff a letter stating that the ALJ's denial of benefits had been affirmed, See id. ¶ 7, thereby rendering the ALJ's decision the final decision of the Commissioner.

Plaintiff filed a Complaint in this Court on August 13, 2004. On April 28, 2005, Defendant's Motion for Remand under sentence four of 42 U.S.C. § 405(g) was filed.

**Discussion**

According to sentence four of Section 405(g), 42 U.S.C., "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). According to Defendant, this had been a California case through the hearing level decision, and Plaintiff moved to Rhode Island before asking for Appeals Council Review. See Mem. of Law in Sup. of Def.'s Motion for Entry of a Remand Under Sentence Four of 42 U.S.C. § 405(g) at 1. Defendant requests that this matter be remanded for further action. See id. at 1.

In particular, the Commissioner asserts that on remand, the ALJ will obtain additional medical information of Plaintiff's treatment in California in 2002 and early 2003 if information in the file is judged to be insufficient to evaluate Plaintiff's functional limitations. The initial hearing before the ALJ lasted only fifteen minutes and Plaintiff appeared without counsel. Plaintiff was the only witness who testified at the hearing. The Commissioner also notes that the ALJ will hold a new

hearing and obtain additional information as to the nature of all of Plaintiff's past work to determine the type of assembly work she performed, how long she did it, whether it qualifies as past relevant work, and whether she is capable of performing those jobs. The Commissioner also indicates that the ALJ will, if necessary, obtain vocational expert testimony as to whether Plaintiff can perform her past relevant work or any other work based on her residual functional capacity. The Commissioner indicates that the ALJ will then issue a new decision based on a more fully developed record. Based on those representations, this Court agrees that remand of this case for rehearing is appropriate. The Court also notes that Plaintiff has not objected to the Commissioner's Motion for Remand.

### Conclusion

For the foregoing reasons, I recommend that the Defendant's Motion for Entry of Remand be GRANTED. I further recommend that the District Court enter Final Judgment for Plaintiff reversing the decision of the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) and remanding the matter for further administrative proceedings as described above. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); D.R.I. Local R. 32. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and of the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

LINCOLN D. ALMOND
United States Magistrate Judge
May 13, 2005

Accepted in the absence of an objection.

Ernest C. Torres
Chief, US District Judge
Date: 6/3/05